HOLMES, Circuit Judge,
dissenting:
I write separately because I believe the district court committed reversible error by failing to make adequate findings for the obstruction-of-justice enhancement with respect to the third element of perjury — intent. I agree with the majority’s conclusion that the district court adequately identified the statements at issue, and I recognize that, as a result, the district court is permitted to make “fairly conclu-sory findings that such testimony was false, material, and given with intent to commit perjury.” United States v. Massey, 48 F.3d 1560, 1574 (10th Cir.1995). Even assuming the district court made sufficient findings with respect to falsity and materiality, however, the district court failed to satisfy this minimal requirement regarding Mr. Webster’s alleged willful intent to commit perjury. For this reason, I must respectfully dissent.
In applying the obstruction-of-justice enhancement over Mr. Webster’s objection, the district court stated:
The defendant has cited self-defense in this case in regard to the discharge of the firearm at the victim. Further, he has denied the basic relevant conduct of discharging the firearm by his claim of accidental discharge. Therefore, the Court finds by a preponderance of the evidence that the defendant’s assertion is obstruction of justice in this case.
R., Vol. II, at 169 (Sentencing Hearing, dated Aug. 6, 2009). To use perjury as a basis for the obstruction-of-justice enhancement, the district court must deter *874 mine that Mr. Webster gave “false testimony [under oath] concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory.” United States v. Dunnigan, 507 U.S. 87, 94, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993) (emphasis added). “[I]f a defendant objects to a sentence enhancement resulting from [his] ... testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice ... under the perjury definition [the Supreme Court] ha[s] set out.” Id. at 95, 113 S.Ct. 1111. “When doing so, it is preferable for a district court to address each element of the alleged perjury in a separate and clear finding.” Id. However, nothing in the district court’s explanation addresses Mr. Webster’s intent.
While acknowledging the limitations of the district court’s findings, the majority “believe[s] that the district court implicitly found willful intent when it stated, ‘Based [up]on the testimony and arguments heard today, it’s clear that the defendant is providing excuses for his conduct.’ ” Maj. Op. at 871 (quoting R., Vol. II, at 170). In arriving at this conclusion, the majority appears to be tacitly relying on the reasoning of our decision in United States v. Hawthorne, 316 F.3d 1140 (10th Cir.2003), which allowed for implicit findings concerning materiality.
In Haiothome, we held that the district court had “implicitly found that Defendant’s testimony about the voluntariness of his confession was material.” Id. at 1146. We based this conclusion on the district court’s statement that one portion of the defendant’s testimony — regarding another drug dealer — did not warrant the enhancement while his testimony regarding the voluntariness of his confession did. Id. The district court had explained that the testimony concerning the other drug dealer was “probably not particularly material here, although I believe that the defendant lied about it.” Id. (internal quotation marks omitted). The district court made no similar finding with respect to the probable lack of materiality of the defendant’s voluntariness testimony. Id. We therefore concluded that the district “court’s distinction between the two areas of testimony establishes that it found the testimony about voluntariness to be material.” Id.
Here, in contrast, the district court’s comment about excuses (upon which the majority relies) was made in the context of the district court’s refusal to grant Mr. Webster an acceptance-of-responsibility reduction and did not address whether Mr. Webster’s statements were the product of willful intent. See R., Vol. II, at 170 (finding that Mr. Webster “should not receive a reduction for acceptance of responsibility” under the Guidelines because “it’s clear the defendant is providing excuses for his conduct in this case and not affirmatively accepting responsibility for his actions.”). Consequently, the district court’s general statements about excuses do not amount to a finding — even an implicit one — that Mr. Webster had the requisite willful intent in giving the particular testimony that the district court identified as false.
The majority also notes that nothing in the record “suggest[s] that the discrepancies between Mr. Webster’s testimony at sentencing and the testimony and evidence presented by the government were the product of confusion, mistake, or faulty memory.” Maj. Op. at 871. While this may be true, the district court never concluded as much in its findings as required by Dunnigan and Massey. Therefore, because I believe there is nothing in the record from which we may conclude that the district court made even implicit findings regarding Mr. Webster’s intent, I would reverse and vacate the district *875 court’s sentencing order and would remand the case to the district court for it to make the appropriate findings concerning obstruction of justice in connection with Mr. Webster’s resentencing. Given my view of the case, I have no occasion to opine upon the merits of Mr. Webster’s challenge to the district court’s upward departure. For the foregoing reasons, I respectfully dissent.